# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**In Re: Edward D. Gonzalez
and Maria G. Ceballos**

         **Debtors.**　　　　　　　　　　　　Case No. 6:14-BK-04145-ABB

_____

**EDWARD D. GONZALEZ and MARIA G.
CEBALLOS,**

         **Appellants,**

**v.**　　　　　　　　　　　　　　　　　　　Case No: 6:18-cv-1524-Orl-31

**CITIBANK, N.A.,**

         **Appellee.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 18) filed by the Appellants, Edward Gonzalez and Maria Ceballos. Appellants seek reconsideration of this court's order of November 29, 2018 (henceforth, the "Order"), denying their Renewed Motion for Extension of Time to File Initial Brief (Doc. 16) (the "Renewed Motion").

### I.    Background

The Appellants filed this Chapter 13 bankruptcy case in April 2014. In March 2015, as part of their Chapter 13 Plan, the Appellants agreed to surrender their home. They were granted a discharge in October 2015, and the Bankruptcy Court closed the case in January of 2016. Contending that the Appellants have refused to surrender the house – and have instead continued to fight a state-court foreclosure action – the current mortgage holder, Citibank, N.A. ("Citibank"),

sought to reopen the bankruptcy case. On August 24, 2018, the Bankruptcy Court granted Citibank's motion to reopen and ordered the Appellants to surrender the house.

Appellants filed their notice of appeal (Doc. 1) of that decision on September 14, 2018. On October 10, 2018, the Clerk filed notice (Doc. 13) that the bankruptcy record on appeal was complete, thereby establishing November 9, 2018 as the deadline for Appellants to file their initial brief before this court. Fed. R. Bankr. P. 8018(a)(1).

Just under two weeks later, Appellants filed a motion for extension of time (Doc. 14) to file that brief. The argument section of the five-page motion consisted of a single paragraph:

> Counsel for Appellants, GONZALEZ AND CEBALLOS, is diligently working on preparing for the filing of the initial brief. No party will be prejudiced by the granting of this motion. Appellants will be unduly prejudiced if required to prepare and file an initial brief without the benefit of research and study of pertinent case law and rules. The additional time will work to effect the efficient administration of justice.

(Doc. 14 at 3) (emphasis in original). Because Appellants' counsel had provided no grounds for an extension aside from these empty assertions, the Court denied the request the next day. (Doc. 15).

The November 9 deadline passed without a brief from the Appellants. Nearly three weeks later, on November 27, 2018, counsel for the Appellants filed the Renewed Motion. The argument section of the five-page Renewed Motion had increased to two paragraphs, but the bulk of the "argument" was remarkably familiar:

> Counsel for Appellants is diligently working on preparing for the filing of the initial brief. Counsel for Appellants has requested additional time to file the initial brief which was denied without any comment or explanation. Counsel needs the additional time to study the record of the 2014 bankruptcy case in order to develop complete arguments supported by the record.
>
> No party will be prejudiced by the granting of this motion. Appellants will be unduly prejudiced if required to prepare and file an initial brief without the benefit of research and study of pertinent

> case law and rules. The additional time will work to effect the
> efficient administration of justice.

(Doc. 16 at 3-4).   Despite noting that the previous request for an extension had been denied, counsel for the Appellants offered no explanation in the Renewed Motion for missing the filing deadline.   And, as was true of the first motion, Appellants' counsel declined to provide any real explanation (aside from vague, unsupported assertions) as to why the necessary substantive research had not been completed more than three months after the Bankruptcy Court ruled in Citibank's favor.   The Court dismissed the appeal for failure to prosecute on November 29, 2018.  (Doc. 17 at 4).   In doing so, the Court relied on *In re Mohorne*, 718 Fed. App'x 934, 937 (11th Cir. 2018), which established a standard requiring "bad faith, negligence, or indifference" to justify such a dismissal.   (Doc. 17 at 3).   On December 6, 2018, Appellants filed the instant motion.

## II.     Legal Standard

While the federal rules do not specifically provide for the filing of a "motion for reconsideration,"   *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S. Ct. 89, 121 L.Ed.2d 51 (1992), it is widely known that Rule 59(e) encompasses motions for reconsideration.   11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure 2d* § 2810.1 (2007).   However, due to the need to conserve scarce judicial resources and in the interest of finality, reconsideration is an extraordinary remedy that is to be employed sparingly.   *U.S. v. Bailey*, 288 F.Supp. 2d 1261, 1267 (M.D. Fla. 2003).   The decision on whether to alter or amend a judgement is committed to the sound discretion of the district court.   *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

The authorities generally recognize four basic grounds upon which Rule 59(e) motion may be granted:

> First, the movant may demonstrate that the motion is necessary to
> correct manifest errors of law or fact upon which the judgment is
> based. Second, the motion may be granted so that the moving party
> may present newly discovered or previously unavailable evidence.
> Third, the motion will be granted if necessary to prevent manifest
> injustice. Serious misconduct of counsel may justify relief under this
> theory. Fourth, a Rule 59(e) motion may be justified by an
> intervening change in controlling law.

Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice & Procedure 2d* § 2810.1 (2007).

Importantly, parties may not use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp 198 (S.D.N.Y. 1996).

### III. Analysis

Counsel for Appellants makes a number of arguments in favor of reconsideration, summarizing them as follows:

> (1) Appellants' counsel acted diligently to seek an extension of time
> due to the fact counsel has been studying the entire record on the
> bankruptcy case which contains extensive docket entries some of
> which are very relevant to the Appeal; (2) Appellant's counsel acted
> in good faith to put forth a properly completed appeal brief
> supported by the record; (3) Appellants' counsel upon discovering
> new evidence was in the process of preparing a motion to
> supplement the record and if granted would have incorporated
> reference to the new evidence. The evidence is an affidavit from the
> Appellants that they did not authorize the filing of the subject
> motion to surrender, understandably so, since the bankruptcy court
> found the debt to be unsecured; (4) Counsel's actions in acting
> diligently to extend the time to file the initial brief should not be
> construed as acting negligently or with indifference or in bad faith

> considering the record contains a bankruptcy court order finding the
> debt to be unsecured and thus has been discharged at the conclusion
> of the bankruptcy case; (5) the record contains evidence that the
> state court found fraud had been committed by Appellee's purported
> predecessor in interest. The set of operative facts in this case are
> distinguishable from several cases relating to surrender; and (6)
> Appellants will be unduly prejudiced, through no fault of their own
> if the dismissal is not reconsidered and the appeal not allowed to
> resolution on the merits.

(Doc. 18 at 2). None of these arguments justify reconsideration. The first two arguments go to counsel's alleged diligence but are entirely unsupported, with no explanation provided as to why three months was insufficient time to prepare an initial brief in this case, much less why this explanation had not been provided in either of the earlier motions for an extension of time. The third argument is purportedly based on newly discovered evidence; however, the evidence in question – an affidavit from the Appellants themselves, dated December 3, 2018 – is newly produced, not newly discovered. In addition, the content of the affidavit goes to the merits of the appeal and has no bearing on the motion for an extension of time to file the brief. The same holds true for the fourth and fifth arguments, which go to the merits rather than the issue of timeliness. As for the sixth, prejudice alone does not warrant reconsideration.

Accordingly, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 18) filed by the Appellants is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 23, 2019.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE